UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARQUETTE TRANSPORTATION COMPANY, LLC** | * | **CIVIL ACTION** |
| | * | **NO. 2:16-cv-00522** |
| **VERSUS** | * | **SECTION "L" (2)** |
| **M/V CENTURY DREAM, her engines, tackle, apparel, bunkers, etc., in rem; HIONG GUAN NAVEGACION CO., LTD.; and SPLENDID FLEET CORP.** | * | **JUDGE FALLON MAG. WILKINSON** |
| | * | |

\* \* \* \* \* \* \* \*

### ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Splendid Fleet Corporation ("Splendid Fleet"), appearing *in personam* and, pursuant to Rule C(6)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rule" or "Supplemental Rules"), on behalf of the M/V CENTURY DREAM, *in rem*, to Answer the Verified Complaint of Marquette Transportation Company, LLC ("Marquette"), asserts on information and belief:

### FIRST DEFENSE

Marquette's Complaint fails to state a claim against Splendid Fleet, *in personam*, or the M/V CENTURY DREAM, *in rem*, upon which relief can be granted.

## SECOND DEFENSE

Splendid Fleet pleads the defense of insufficiency of service of process.

## THIRD DEFENSE

Marquette's arrest of the M/V CENTURY DREAM, *in rem*, pursuant to Supplemental Rule C was improper and should be vacated.

## FOURTH DEFENSE

And now, answering the specific allegations of Marquette's Complaint, Splendid Fleet:

States that Article 1 does not require answer from these defendants. However, if answer is required, Splendid Fleet denies this Honorable Court has personal jurisdiction over it as an *in personam* defendant;

Denies Article 2 for lack of sufficient information to justify a belief in the truth thereof;

Denies Article 3, except it admits that M/T CENTURY DREAM is a foreign flagged vessel;

Denies Article 4, except it admits Hiong Guan Navegacion Co., Ltd. was the Manager of the M/V CENTURY DREAM in January 2016.

Admits Article 5;

Denies Article 6, except to admit that the M/V CENTURY DREAM was underway and navigating downbound in the Mississippi River on 21 January 2016;

Denies Article 7, 8, 9, 10, 11 and 12;

Denies Marquette's Prayer for Relief.

## FIFTH DEFENSE

Further answering, Splendid Fleet alleges that if Marquette sustained any damages in the manner alleged in the Complaint, which is specifically denied, then the incident complained of and any associated damages were solely caused or contributed to by Marquette's own negligence, fault, and/or lack of due care, and/or the unseaworthiness of its vessel, the JOHN PAUL ECKSTEIN, and/or the negligence, fault or lack of due care of the JOHN PAUL ECKSTEIN's crew and/or management. Splendid Fleet specifically pleads the defense of comparative negligence.

## SIXTH DEFENSE

Splendid Fleet alleges that at no time was it or the M/V CENTURY DREAM in any way negligent or at fault in causing the incident involving the JOHN PAUL ECKSTEIN on 21 January 2016 and, if any party was negligent or at fault in causing this incident and Marquette's alleged damages, it was a party for whom Splendid Fleet and the M/V CENTURY DREAM are not responsible.

## SEVENTH DEFENSE

Splendid Fleet contends that Marquette did not take the proper steps to make the JOHN PAUL ECKSTEIN in all respects seaworthy and failed to comply with applicable safety rules.

## EIGHTH DEFENSE

Splendid Fleet further contends that Marquette failed to mitigate its alleged damages and Marquette is placed on the full proof of the fairness and reasonableness of the steps, if any, taken to minimize its alleged damages, if any.

**WHEREFORE**, Defendant, Splendid Fleet Corporation, prays:

1. That the Answer of Splendid Fleet Corporation, *in personam*, and on behalf of the M/V CENTURY DREAM, *in rem*, to Marquette's Complaint be deemed good and sufficient;

2. That after due proceedings, Marquette's suit against Splendid Fleet Corporation, *in personam*, and the M/V CENTURY DREAM, *in rem*, be dismissed, with prejudice, at Marquette's cost, and that the arrest of the M/V CENTURY DREAM, *in rem*, be vacated and the security Splendid Fleet Corporation posted for that vessel's release be returned to Splendid Fleet Corporation and/or its designee; and

3. For all further relief to which it is entitled.

Respectfully submitted

MURPHY, ROGERS, SLOSS,
  GAMBEL & TOMPKINS

/s/ Peter B. Tompkins
_____
Peter B. Tompkins (#17832)
ptompkins@mrsnola.com
Charles L. Whited, Jr. (#15095)
cwhited@mrsnola.com
Timothy D. DePaula (#31699)
tdepaula@mrsnola.com
701 Poydras Street
400 One Shell Square
New Orleans, LA   70139
Telephone:  (504) 523-0400
Facsimile:  (504) 523-5574
Attorneys for Splendid Fleet Corporation and
The M/V CENTURY DREAM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that 8 March 2016, a copy of the foregoing pleading was sent to all counsel of record, either by operation of the Court's CM/ECF system, by hand, by e-mail, by telefax or by placing same in the United States mail, properly addressed, and first class postage prepaid.

/s/ Peter B. Tompkins
_____

150/5107