**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| MARQUETTE TRANSPORTATION CO, LLC | CIVIL ACTION |
| VERSUS | NO. 16-552 |
| CENTURY DREAM M/V ET AL | SECTION "L" |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to for a New Trial (R. Doc. 58). Defendant opposes the motion. (R. Doc. 59). The Court, in its discretion, denies the motion.

Rule 59(a)(1)(B) of the Federal Rules of Civil Procedure allows the Court to grant a new trial, where there has been a trial without a jury, when a reason exists for which "rehearings have heretofore been granted in a suit of equity in federal court." Fed. R. Civ. P. 59(a). Within the Fifth Circuit, a motion for new trial must "clearly establish a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990); *see also Pechon v. Louisiana Dep't of Health & Hosps.*, No. CIV.A. 08-0664, 2009 U.S. Dist. LEXIS 65376, 2009 WL 2046766, at *3 (E.D. La. July 14, 2009) (citing *Genova v. Town of Independence*, No. Civ. A. 97-726, 1998 U.S. Dist. LEXIS 9511, 1998 WL 337891, at * 1 (E.D. La. June 22, 1998) ("A motion for new trial in a non-jury case or a petition for rehearing should be based upon manifest error of law or mistake of fact; a judgment should not be set aside except for substantial reasons."). Rule 52(b) provides that, "[o]n a party's motion . . . the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Such a motion is made pursuant to Rule 59. Fed. R. Civ. P. 59(a)(2), -(e). It may be used "to correct manifest errors of law or fact" but not "to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986).

Any new or amended findings of fact or conclusions of law must generally be based on evidence and testimony already in the record. *Id.* Pursuant to Rule 59(a), whether to grant a new trial is left to the sound discretion of the trial judge, and the court's authority is large. *In re Omega Protein, Inc.*, 2007 U.S. Dist. LEXIS 47898, 2007 WL 1974309, *2 (W.D. La. July 2, 2007) (citing *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415. 433, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996)).

In the instant case, Plaintiff argues a new trial is warranted because the Court did not consider 'crucial testimony' from an independent eyewitness to the casualty, and because manifest injustice will result if the Court does not consider this testimony. (R. Doc. 58-1 at 1). This Court finds that Plaintiff fails to point to any issue that rises to the level of a manifest error. The occurrence and details of the crash itself were not heavily disputed in this trial. Rather, the case turned on who was at fault for allision. As stated in its finding of facts and conclusions of law, in this case, the JOHN PAUL ECKSTEIN (Plaintiff) was the privileged, or stand-on vessel with respect to the planned overtaking by the CENTURY DREAM (Defendant). *See*, *in re Mid-South Towing Company*, 418 F.3d 526 (5th Cir. 2005). The JOHN PAUL ECKSTEIN, as the privileged vessel, had the right and duty to orchestrate a safe overtaking or, if a safe overtaking is impossible, to inform the overtaking vessel that no overtaking may occur. The JOHN PAUL ECKSTEIN did not do so in this case. This failure was a breach of duty which caused the allision.

Furthermore, although this Court discussed the eyewitness deposition at issue with the parties in its pretrial conference, it also made clear that all evidence and deposition testimony *must* be offered at trial in order to be included in the trial record. No evidence or deposition testimony is pre-admitted. Considering testimony that either party failed to offer into evidence would be improper. *Robinson v. Ensco Offshore Co.*, 116 F.3d 1477 (5th Cir. 1997). While both parties may

2

have believed the deposition had been admitted into evidence, that belief was mistaken. Even if it were admitted, the deposition would not alter the Court's conclusion. The Court declines to grant a new trial under these circumstances.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion is **DENIED**.

New Orleans, Louisiana, this 29th day of March, 2017.

_____
UNITED STATES DISTRICT JUDGE